**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jason WEBB, Defendant–Appellant.**

**No. 13–10021.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 23, 2013.*

Filed Jan. 27, 2014.

Nicholas Dana Dickinson and Camille W. Damm, Las Vegas, NV, Elizabeth Olson White, Reno, NV, for Plaintiff–Appellee.

Alina Maria Shell and Rene Valladares, Esquire, Las Vegas, NV, for Defendant–Appellant.

Before: HUG, FARRIS, and LEAVY, Circuit Judges.

MEMORANDUM **

Jason Webb appeals from the district court's judgment and challenges the 77–

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

month sentence imposed following his guilty-plea conviction for unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Webb contends that the district court erred when it denied him a departure for imperfect duress under U.S.S.G. § 5K2.12. We do not review a district court's decision regarding whether to depart from the Sentencing Guidelines range. *United States v. Vasquez–Cruz,* 692 F.3d 1001, 1005–08 (9th Cir.2012); *United States v. Mohamed,* 459 F.3d 979, 987 (9th Cir. 2006). Instead, if an appellant contends that the district court erred when deciding whether to grant a departure, we review the ultimate sentence for substantive reasonableness. *Vasquez–Cruz,* 692 F.3d at 1008; *Mohamed,* 459 F.3d at 987. Webb contends that *Mohamed* is no longer good law because the Sentencing Commission subsequently amended U.S.S.G. § 1B1.1 and because the Supreme Court implicitly overruled *Mohamed* in *Irizarry v. United States,* 553 U.S. 708, 128 S.Ct. 2198, 171 L.Ed.2d 28 (2008). We already have rejected these arguments. *See Vasquez–Cruz,* 692 F.3d at 1005–08 (holding that amendment to § 1B1.1 did not abrogate *Mohamed* ); *United States v. Tankersley,* 537 F.3d 1100, 1114 n. 11 (9th Cir.2008) (rejecting argument that *Irizarry* undermined *Mohamed* ).

We therefore review Webb's sentence for substantive reasonableness, applying an abuse of discretion standard. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The 77–month sentence, which is at the bottom of the applicable Guidelines range, is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, including Webb's prior conviction for unlawful possession of a firearm and other extensive criminal history, the seriousness of the offense, and the need for the sentence to promote respect for the law and provide deterrence. *See id.*

**AFFIRMED.**